IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SARA MAUK, Individually and as
Personal Representative on Behalf of the
Wrongful Death Beneficiaries of ERIC HEINZE                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 5:18-CV-68-DCB-MTP

MANAGEMENT & TRAINING CORPORATION
and JOHN AND JANE DOES 1-100                                                   DEFENDANTS

## AGREED PROTECTIVE ORDER

In the interests of facilitating discovery by the parties litigating this Action and of protecting the parties' and non-parties' Confidential Information from improper disclosure or use, the Plaintiff and the Defendant (collectively "parties") have agreed to provide access to and accept such Confidential Information subject to the provisions set forth below. Upon good cause shown, the Court ORDERS the following pursuant to Fed. R. Civ. P. 26(c)(1)(G):

### I. DEFINITIONS

1. As used in this Order:

(a) "Action" means the above-captioned action pending in this Court, including any pretrial, trial, or post-trial proceedings;

(b) "Confidential Information" means any document, information, or transcript of testimony that may contain any trade secret, confidential research, development, commercial, or protected health information, or any portion thereof, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G);

(c) "Defendants" means any party named as a Defendant in this civil action;

(d) "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part;

(e) "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a);

(f) "Party" means any Plaintiff or any Defendant. "Parties" means all Plaintiffs and all Defendants;

(g) "Person" means any natural person, corporate entity, partnership, association, joint venture, limited liability company, governmental entity, or trust;

(h) Plaintiff means any person named as a Plaintiff in this civil action;

(i) "Protected Person" means any person (including a party) that has provided Confidential Information or that, voluntarily or under compulsory process, provides any documents, information, or testimony in this civil action.

## II. DESIGNATION OF CONFIDENTIAL INFORMATION

2. A Protected Person may designate as "Confidential Information" any document, information, or transcript of testimony that it provides to any party during this Action, to the extent such information constitutes Confidential Information as defined in ¶ 1(b) of this Order. Such designations constitute a representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Confidential Information. Any production of any document, information, or transcript of testimony not designated as Confidential Information will not be deemed a waiver of any future designation of such document, information, or transcript of testimony as Confidential Information. But any such subsequent designation will not retroactively prohibit the prior disclosure of any document, information, or transcript of testimony for which disclosure was proper when made. It is incumbent on the Protected Person to legibly and/or clearly designate any document, information, or transcript of testimony it deems to Confidential. If any Party disagrees or takes issue with the designation of any document, information, or transcript of testimony as Confidential Information, the matter will be treated as a discovery dispute and governed by the applicable provisions of the Federal Rules of Civil Procedure, the Local Uniform Civil Rules of the Northern and Southern Districts of Mississippi,

and/or the Case Management Order.

3. Designation as Confidential Information of any document, information, or transcript of testimony produced during this Action is governed as follows:

(a) After this Order is entered, whenever discovery is sought by subpoena from a non-party in this Action, a copy of this Order shall accompany the subpoena;

(b) A Protected Person that designates as Confidential Information any document or other materials produced in this Action after entry of this Order must stamp or label each document or other material containing Confidential Information with the designation "CONFIDENTIAL" in an easily discernible manner. Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium. The designation of a document as Confidential Information must be accompanied in writing with the basis for such designation.

4. If a Protected Person inadvertently fails to designate as Confidential Information any document, information, or transcript of testimony, it may later so designate by notifying the parties in writing. After receiving such notice, the parties shall thereafter treat the newly designated information as Confidential Information. No prior disclosure of newly designated Confidential Information shall violate this Order, and the parties have no obligations regarding such prior disclosures.

5. The Parties must comply with Fed. R. Civ. P. 26(b)(5)(B) and any other applicable rules or orders.

### III. SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION

6. Except as authorized by this Order, all documents, information, or transcripts of testimony designated as Confidential Information pursuant to this Order shall not be disclosed to any person other than the persons set forth below, and may be disclosed to and used by the persons set forth below only in this Action:

(a) The Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) Counsel for the Plaintiffs in this Action, including that counsel's employees and/or any independent contractors retained by Plaintiffs' counsel to assist in the prosecution of this Action or otherwise assist in its work (including testifying or consulting experts and their support staff);

(c) Counsel for the Defendants in this Action, including that counsel's employees and/or any independent contractors retained by Defendants' counsel to assist in the prosecution of this Action or otherwise assist in its work (including testifying or consulting experts and their support staff);

(d) Authors, addressees, and recipients of any particular document, information, or transcript of testimony designated as Confidential Information solely to the extent that they have previously had lawful access to the particular document, information, or transcript of testimony disclosed or to be disclosed;

(e) Persons (and their counsel) whom Plaintiffs or Defendants believe(s) in good faith, to have previously had lawful access to any document, information, or transcript of testimony designated as Confidential Information, or who have been participants in a communication that is the subject of the designated Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such Confidential Information to which they may have had lawful access or that is the subject of the communication in which they may have participated; provided that, unless and until the person or their counsel confirms that the person had prior lawful access or was a participant, only as much of the Confidential Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation.

7. Nothing in this Order:

(a) Limits a Protected Person's use or disclosure of its own documents, information, or transcripts of testimony designated as Confidential Information;

(b) Prevents disclosure of Confidential Information by any party to any current employee of the Protected Person that designated the Confidential Information;

(c) Prevents disclosure of Confidential Information by any party with the consent of the person that designated the Confidential Information;

    (d) Prevents disclosure by a party of Confidential Information that (i) has become publicly known through no fault of that party; (ii) was lawfully acquired or known to that party independently of receipt in discovery in this Action; (iii) was previously disclosed or provided to that party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court or as may be required by law; or

    (e) Limits the right of any party to object to the scope of discovery or to any particular discovery request in this action.

## IV. DISCLOSURE OF CONFIDENTIAL INFORMATION IN THIS ACTION

 8. If any document, information, or transcript of testimony designated under this Order as Confidential Information is included in any pleading, motion, non-trial exhibit, or other paper to be filed with the Court, the party seeking to file such designated Confidential Information shall follow the procedures set forth in L.U. Civ. R. 79 by seeking to file the matter under seal. If any motion to seal is denied in whole or in part, the party seeking to file the Confidential Information may file it publicly without violating this Order.

 9. Disclosure at trial of documents, information, and testimony designated as Confidential Information will be governed by a separate Court order. The parties are instructed to meet and confer and submit a recommended order outlining those procedures no later than the time required to submit the Pretrial Order. Absent a ruling by the Court to the contrary, any document, information, or transcript of testimony designated as Confidential Information by a Protected Person that appears on an exhibit list or in deposition designations, that is admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance processes established by this Court.

 10. All Confidential Information produced by a Protected Person shall be used solely for purposes of this Action and shall not be used for any business, commercial, competitive,

personal, or other purpose.

## V. PROCEDURES UPON TERMINATION OF THIS ACTION

11. Within 90 days after receiving notice of the entry of an order, judgment, or decree terminating this Action or after all appeals, if any, have been exhausted, all persons having received information designated as Confidential Information must either make a good-faith effort to return such material and all copies thereof to the Protected Person (or the person's counsel if represented by counsel), or use commercially reasonable means to destroy all such Confidential Information. Counsel for the parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, expert reports, and supporting documents, and work product (including compilations of documents), provided that counsel and their employees do not disclose such materials to any person except pursuant to the terms of this Order or other Court order, pursuant to written agreement with the Protected Person that produced the information, or as required by law.

12. This Order shall be binding on the parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control. The obligations imposed by this Order survive the termination of this litigation unless the Court orders otherwise.

## VI. RIGHT TO SEEK MODIFICATION OF THIS ORDER

13. Nothing in this Order prevents any person, including members of the public, from seeking modification of this Order, upon motion made pursuant to the rules of this Court.

IT IS, THEREFORE, ORDERED that the parties' Motion for Protective Order [34] is GRANTED.

{D1107585.1} D1103509.1

SO ORDERED, this the 26th day of December, 2018.

    s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

Agreed:

/s/ *Steven J. Griffin*
Steven J. Griffin – MSB #103218
*Counsel for Management & Training Corporation*


/s/ *Charles R. Mullins*
Charles R. Mullins – MSB #9821
*Counsel for Plaintiff*